1 | McGREGOR W. SCOTT
United States Attorney
2 | LAURA L. FERRIS
Assistant U.S. Attorney
3 | 501 I Street, Suite 10-100
Sacramento, California 95814
4 | Telephone: (916) 554-2932



**FILED**

AUG 1 3 2007



CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

BY _____
DEPUTY CLERK

7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10 | UNITED STATES OF AMERICA,            )      CR. No.
                                     )
11 |                 Plaintiff,          )      PLEA AGREEMENT
                                     )
12 |       v.                            )
                                     )
13 | TRAVIS HEFFLEY,                     )
                                     )      DATE: August 13, 2007
14 |                                     )      TIME: 8:30 a.m.
                 Defendant.          )      COURT: Hon. William B. Shubb
15 | _____)

16

**I.**

17

**INTRODUCTION**

18

**A.   Scope of Agreement:**  The indictment in this case charges
19
the defendant with production by a parent of a visual depiction a
20
minor engaged in sexually explicit conduct in violation of 18 U.S.C.
21
§ 2251(b); transportation of visual depictions of minors engaged in
22
sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(1);
23
receipt of visual depictions of minors engaged in sexually explicit
24
conduct in violation of 18 U.S.C. § 2252(a)(2); possession of visual
25
depictions of minors engaged in sexually explicit conduct in
26
violation of 18 U.S.C. § 2252(a)(4)(B); and forfeiture pursuant to
27
18 U.S.C. § 2253.  This document contains the complete Plea
28

1

1  Agreement between the United States Attorney's Office for the
2  Eastern District of California (the "government") and the defendant
3  regarding this case.   This Plea Agreement is limited to the United
4  States Attorney's Office for the Eastern District of California and
5  cannot bind any other federal, state, or local prosecuting,
6  administrative, or regulatory authorities.

7     **B.   Rule 11(c)(1)(c) Specific Sentence Agreement:**   The
8  government and the defendant agree that a specific sentence, set
9  forth below in Section VI (c), would be appropriate in this case.
10 Consequently, this Plea Agreement is being offered to the Court
11 pursuant to Rule 11(c)(1)(c) of the Federal Rules of Criminal
12 Procedure.   Under the provisions of Rule 11(c)(3), the Court may
13 accept or reject the Plea Agreement, or may defer its decision as to
14 the acceptance or rejection until there has been an opportunity to
15 consider the presentence report.   If the Court accepts the Plea
16 Agreement, the Court will inform the defendant that it will embody
17 in the judgment and sentence the disposition provided for in this
18 Plea Agreement.   If the Court rejects this Plea Agreement, the Court
19 shall so advise the defendant, allow the defendant the opportunity
20 to withdraw his plea, and advise him that if he persists in a guilty
21 plea the disposition of the case may be less favorable to him than
22 is contemplated by this Plea Agreement.

23                                **II.**

24                    **DEFENDANT'S OBLIGATIONS**

25    **A.   Guilty Pleas:**   The defendant will plead guilty to count one
26 alleging production by a parent of a visual depiction of a minor
27 engaged in sexually explicit conduct in violation of 18 U.S.C. §
28 2251(b) and count four alleging possession of visual depictions of

                                2

1 | minors engaged in sexually explicit conduct in violation of 18
2 | U.S.C. § 2252(a)(4)(B).  The defendant agrees that he is in fact
3 | guilty of these charges and that the facts set forth in the Factual
4 | Basis attached hereto as Exhibit A are accurate.

5 | **B. Sentence Recommendation:**  The defendant will join the
6 | government in recommending to the Court a sentence of 360 months (30
7 | years). The government understands that the defendant is agreeing to
8 | recommend this sentence, in part, to reach a global resolution of
9 | this case and related criminal charges that have been charged by the
10 | state.   The defendant will enter a separate agreement with the
11 | state.

12 | **C. Restitution:** The Mandatory Victim Restitution Act requires
13 | the Court to order restitution to the victims of certain offenses.
14 | The defendant agrees to pay full restitution as recommended by the
15 | United States Probation Office in the Presentence Investigation
16 | Report.   The defendant understands that this Plea Agreement is
17 | voidable by the government if he fails to pay restitution as
18 | ordered.   Defendant further agrees that he will not seek to
19 | discharge any restitution obligation or any part of such obligation
20 | in any bankruptcy proceeding.

21 | **D.   Fine:**   The defendant agrees to pay a fine as recommended by
22 | the United States Probation Office in the Presentence Investigation
23 | Report.   The defendant understands that this Plea Agreement is
24 | voidable by the government if he fails to pay the recommended fine
25 | as required by this Plea Agreement.

26 | **E.   Special Assessment:**   The defendant agrees to pay a special
27 | assessment of $ 200 at the time of sentencing by delivering a check
28 | or money order payable to the United States District Court to the

United States Probation Office immediately before the sentencing hearing.  The defendant understands that this Plea Agreement is voidable by the government if he fails to pay the assessment prior to that hearing.  If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

**F. Forfeiture:**  The defendant agrees to forfeit to the United States voluntarily and immediately all of his right title and interest to any and all assets subject to forfeiture pursuant to 18 U.S.C. § 2253.  Those assets include, but are not limited to, the following:

1. Dell CPU serial #4H8R491

2. Western Digital HD serial # WCANM2148164

3. Home built CPU serial #11522

4. Western Digital HD serial # WM3361930802

5. CDs seized from home

6. 8mm videotapes

7. Samsung Camcorder 5CL906

Defendant agrees that the listed assets include visual depictions of minors engaged in sexually explicit conduct as described in 18 U.S.C. § 2256 and/or constitute property that was used or intended to be used to commit or to promote the commission of violation of 18 U.S.C. §§ 2251(b) and 2252(a)(4)(B).

Defendant agrees to fully assist the government in the forfeiture of the listed assets and to take whatever steps are necessary to pass clear title to the United States.  The defendant shall not sell, transfer, convey, or otherwise dispose of any of his

4

1  assets, including but not limited to, the above-listed asset.

2      Defendant agrees not to file a claim to any of the listed
3  property in any civil proceeding, administrative or judicial, which
4  may be initiated.  The defendant agrees to waive his right to notice
5  of any forfeiture proceeding involving this property, and agrees to
6  not file a claim or assist others in filing a claim in that
7  forfeiture proceeding.

8      Defendant knowingly and voluntarily waives his right to a jury
9  trial on the forfeiture of assets.  Defendant knowingly and
10 voluntarily waives all constitutional, legal and equitable defenses
11 to the forfeiture of these assets in any proceeding.  Defendant
12 agrees to waive any jeopardy defense, and agrees to waive any claim
13 or defense under the Eighth Amendment to the United States
14 Constitution, including any claim of excessive fine, to the
15 forfeiture of the assets by the United States, the States of
16 California or its subdivisions.

17     Defendant waives oral pronouncement of forfeiture at the time
18 of sentencing, and any defects that may pertain to the forfeiture.

19

20                              **III.**

21                **THE GOVERNMENT'S OBLIGATIONS**

22     **A.  Dismissals:**  The government agrees to move, at the time of
23 sentencing, to dismiss without prejudice the remaining counts in the
24 pending Indictment, namely counts two and three.  The government
25 also agrees not to reinstate any dismissed count except as provided
26 in Parts II and VII.B of this Plea Agreement.

27     **B. Recommendations:**

28          **1. Incarceration Range:** The government and the defense

                              5

1 | will join in recommending a sentence of 360 months (30 years).

2 | **2. Acceptance of Responsibility:** If the United States
3 | Probation Office determines that a three-level reduction in
4 | defendant's offense level for his full and clear demonstration of
5 | acceptance of responsibility is appropriate under U.S.S.G. § 3E1.1,
6 | the government will not oppose such a reduction and will so move
7 | under §3E1.1(b), so long as the defendant pleads guilty, meets with
8 | and assists the probation officer in the preparation of the pre-
9 | sentence report, is truthful and candid with the probation officer,
10 | and does not otherwise engage in conduct that constitutes
11 | obstruction of justice within the meaning of U.S.S.G § 3C1.1, either
12 | in the preparation of the pre-sentence report or during the
13 | sentencing proceeding.

14 | **IV.**

15 | **ELEMENTS OF THE OFFENSE**

16 | **A. Elements of the Offense:** At a trial, the government would
17 | have to prove beyond a reasonable doubt the following elements of
18 | the offenses to which the defendant is pleading guilty.  With
19 | respect to the production of a visual depiction of a minor engaged
20 | in sexually explicit conduct in violation of 18 U.S.C. § 2251(b),
21 | the elements are as follows:

22 | 1. At the time of the offense, the victim was under
23 | the age of 18;

24 | 2. The defendant was a parent;

25 | 3. The defendant knowingly permitted the victim to
26 | engage in sexually explicit conductfor the purpose of producing
27 | a visual depiction of such conduct; and

28 | 4. The visual depiction was produced using materials

6

that had been mailed, shipped, or transported across state lines or in foreign commerce.

With respect to a violation of possession of visual depictions of minors engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B), the elements are as follows:

1. The defendant knowingly possessed matter, to wit: two computer hard drives and numerous CDs, which the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

2. The defendant knew the visual depictions contained in the computer were of minors engaged in sexually explicit conduct;

3. The defendant knew that production of such visual depictions involved use of minors engaged in sexually explicit conduct; and

4. That each visual depiction had been produced using material that had been mailed, shipped or transported in interstate or foreign commerce.

### V.

### MAXIMUM SENTENCE

**A.   Maximum Penalty:**  The maximum sentence that the Court can impose on the count of production of visual depictions of a minor engaged in sexually explicit conduct is 30 years incarceration, a fine of $250,000, supervised release for life, and a special assessment of $100.  The count also carries a 15 year mandatory minimum.

The maximum sentence that the Court can impose on the count of possession of visual depictions of a minor engaged in sexually

7

1 explicit conduct is not more than ten years incarceration, a fine of
2 $250,000, supervised release for life, and a special assessment of
3 $100.

4     By signing this Plea Agreement, the defendant also agrees that
5 the Court can order the payment of restitution for the full loss
6 caused by the defendant's wrongful conduct.  The defendant agrees
7 that the restitution order is not restricted to the amounts alleged
8 in the specific counts to which the defendant is pleading guilty.
9 The defendant further agrees that he will not attempt to discharge
10 in any present or future bankruptcy proceeding any restitution
11 imposed by the Court.

12     **B.  Violations of Supervised Release:** The defendant understands
13 that if he violates a condition of supervised release at any time
14 during the term of supervised release, the Court may revoke the term
15 of supervised release and require the defendant to serve up to two
16 additional years imprisonment.

17 **VI.**

18 **SENTENCING DETERMINATION**

19     **A.  Statutory Authority:**  The defendant understands that the
20 Court must consult the Federal Sentencing Guidelines (as promulgated
21 by the Sentencing Commission pursuant to the Sentencing Reform Act
22 of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as
23 modified by United States v. Booker and United States v. Fanfan,
24 543 U.S. 220, 125 S.Ct. 738 (2005)) and must take them into account
25 when determining a final sentence.  The defendant understands that
26 the Court will determine a non-binding and advisory guideline
27 sentencing range for this case pursuant to the Sentencing
28 Guidelines.  The defendant further understands that the Court will

8

1  consider whether there is a basis for departure from the guideline
2  sentencing range (either above or below the guideline sentencing
3  range) because there exists an aggravating or mitigating
4  circumstance of a kind, or to a degree, not adequately taken into
5  consideration by the Sentencing Commission in formulating the
6  Guidelines.  The defendant further understands that the Court, after
7  consultation and consideration of the Sentencing Guidelines, must
8  impose a sentence that is reasonable in light of the factors set
9  forth in 18 U.S.C. § 3553(a).

10  **B. Stipulations Affecting Guidelines Calculation:** The
11  government and the defendant agree that there is no material dispute
12  as to the sentencing guidelines variables as set forth below and
13  therefore stipulate to the following:

14  **1. Base Offense Level for violation of 18 U.S.C. §**
15  **2251(b):** The base offense level is 32.

16  **2. Specific Offense Characteristics for violation of 18**
17  **U.S.C. § 2251(b):** There is a four level increase because the
18  offense involved a minor who had not attained the age of
19  twelve; a two level increase because the offense involved a
20  sexual act and/or sexual contact; and a two level increase
21  because the defendant was a parent and/or legal guardian of the
22  minor involved in the offense.

23  **3. Adjusted Offense Level for violation of 18 U.S.C. §**
24  **2251(b):** The adjusted offense level is 40.

25  **4. Base Offense Level for a violation of 18 U.S.C. §**
26  **2252(a)(4)(B):** The base offense level is 18.

27  **5. Specific Offense Characteristics for a violation of 18**
28  **U.S.C. § 2252(a)(4)(B):** There is a two level increase because

9

the material involved a prepubescent minor; a six level increase because the offense involved distribution to a minor that was intended to persuade, induce, entice, or coerce a minor to engage in any illegal sexual activity; a four level increase because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence; a five level increase for engaging in a pattern of activity involving the sexual abuse and exploitation of a minor; a two level increase for the use of a computer to possess the visual depictions of minors engaged in sexually explicit conduct; and a five level increase for possessing more than 600 such images.

**6.  Adjusted Offense Level for a violation of 18 U.S.C. § 2252(a)(4)(B):** The adjusted offense level is 42.

**7.  Acceptance of Responsibility:**  See above III. B. 2.

**8.  Criminal History:** The parties understand that the defendant's criminal history is **category I**.

**9.  Sentencing Range:** The production count does not group under § 3D1.1. As a result, there are two groups, one at offense level 42 and one group at offense level 40.  Pursuant to § 3D1.4, the combined offense level is the highest offense level, 42 plus 2 levels (2 units) or 44.  With three points off for acceptance of responsibility, the sentencing guideline sentence is 324-405 months, but the parties have agreed pursuant to this Rule 11(c)(1)(c) agreement that a sentence of 360 months (30 years) is appropriate and will be jointly recommended.

**10.  Departures or Other Enhancements or Reductions:** The

10

1    parties stipulate and agree that they will not seek or argue in
2    support of any other specific offense characteristics, Chapter
3    Three adjustments (other than the decrease for "Acceptance of
4    Responsibility"), or cross-references.  Both parties stipulate
5    and agree not to move for, or argue in support of, any
6    departure from the Sentencing Guidelines, or any deviance or
7    variance from the Sentencing Guidelines under <u>United States v.</u>
8    <u>Booker</u>, 543 U.S. 220, 125 S.Ct. 738 (2005).

9                                   **VII.**

10                                 **WAIVERS**

11   **A.  Waiver of Constitutional Rights:**  The defendant understands
12   that by pleading guilty he is waiving the following constitutional
13   rights:   (a) to plead not guilty and to persist in that plea if
14   already made; (b) to be tried by a jury; (c) to be assisted at trial
15   by an attorney, who would be appointed if necessary; (d) to subpoena
16   witnesses to testify on his behalf; (e) to confront and cross-
17   examine witnesses against him; and (f) not to be compelled to
18   incriminate himself.

19   **B.  Waiver of Appeal and Collateral Attack:**  The defendant
20   understands that the law gives him a right to appeal his conviction
21   and sentence.  He agrees as part of his plea, however, to give up
22   the right to appeal the conviction and the right to appeal any
23   aspect of the sentence imposed in this case.  He specifically gives
24   up his right to appeal any order of restitution the Court may
25   impose.

26        Regardless of the sentence he receives, the defendant also
27   gives up any right he may have to bring a post-appeal attack on his
28   conviction or his sentence.  He specifically agrees not to file a

                                      11

1  motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or
2  sentence.

3      Notwithstanding the agreement in part III.A above that the
4  government will move to dismiss counts against the defendant, if the
5  defendant ever attempts to vacate his plea, dismiss the underlying
6  charges, or reduce or set aside his sentence on any of the counts to
7  which he is pleading guilty, the government shall have the right (1)
8  to prosecute the defendant on any of the counts to which he pleaded
9  guilty; (2) to reinstate any counts that may be dismissed pursuant
10 to this Plea Agreement; and (3) to file any new charges that would
11 otherwise be barred by this Plea Agreement.  The decision to pursue
12 any or all of these options is solely in the discretion of the
13 United States Attorney's Office.  By signing this Plea Agreement,
14 the defendant agrees to waive any objections, motions, and defenses
15 he might have to the government's decision.  In particular, he
16 agrees not to raise any objections based on the passage of time with
17 respect to such counts including, but not limited to, any statutes
18 of limitation or any objections based on the Speedy Trial Act or the
19 Speedy Trial Clause of the Sixth Amendment.

20     **C.  Waiver of Attorneys' Fees and Costs:**  The defendant agrees
21 to waive all rights under the "Hyde Amendment," Section 617, P.L.
22 105-119 (Nov. 26, 1997), to recover attorneys' fees or other
23 litigation expenses in connection with the investigation and
24 prosecution of all charges in the above-captioned matter and of any
25 related allegations (including without limitation any charges to be
26 dismissed pursuant to this Plea Agreement and any charges previously
27 dismissed).

28     **D.  Waiver of DNA Testing**

12

Defendant has been advised that the government has in its possession the following items of physical evidence that could be subjected to DNA testing.  The defendant understands that the government does not intend to conduct DNA testing of any of these items.  Defendant understands that, before entering guilty pleas pursuant to this Plea Agreement, he could request DNA testing of evidence in this case.  The defendant further understands that, with respect to the offenses to which he is pleading guilty pursuant to this Plea Agreement, he would have the right to request DNA testing of evidence after conviction under the conditions specified in 18 U.S.C. § 3600.  Knowing and understanding his right to request DNA testing, the defendant knowingly and voluntarily gives up that right with respect to both the specific items listed above and any other items of evidence there may be in this case that might be amenable to DNA testing.  The defendant understands and acknowledges that by giving up this right, he is giving up any ability to request DNA testing of evidence in this case in the current proceeding, in any proceeding after conviction under 18 U.S.C. § 3600, and in any other proceeding of any type.  The defendant further understands and acknowledges that by giving up this right, he will never have another opportunity to have the evidence in this case, whether or not listed above, submitted for DNA testing, or to employ the results of DNA testing to support a claim that defendant is innocent of the offenses to which he is pleading guilty.

## VIII.

### ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant

13

1  exists, nor will such agreement, understanding, promise, or
2  condition exist unless it is committed to writing and signed by the
3  defendant, counsel for the defendant, and counsel for the United
4  States.

### IX.

### APPROVALS AND SIGNATURES

7  **A.   Defense Counsel:** I have read this Plea Agreement and have
8  discussed it fully with my client.  The Plea Agreement accurately
9  and completely sets forth the entirety of the agreement.  I concur
10  in my client's decision to plead guilty as set forth in this Plea
11  Agreement.

DATED:  8/3/07                      _____
                                    Michael Chastaine
                                    Attorney for Defendant

**B.   Defendant:** I have read this Plea Agreement and carefully
reviewed every part of it with my attorney.  I understand it, and I
voluntarily agree to it.  Further, I have consulted with my attorney
and fully understand my rights with respect to the provisions of the
Sentencing Guidelines that may apply to my case.  No other promises
or inducements have been made to me, other than those contained in
this Plea Agreement.  In addition, no one has threatened or forced
me in any way to enter into this Plea Agreement.  Finally, I am
satisfied with the representation of my attorney in this case.

DATED:  8-3-07                      _____
                                    Travis Heffley, Defendant

/ / /

/ / /

14

1    **C. Attorney for United States:**  I accept and agree to this Plea

2    Agreement on behalf of the government.

3    DATED:   *august 13, 2007*          McGREGOR W. SCOTT
                                          United States Attorney
4

5                                        By: *Laura Ferris*

6                                        LAURA L. FERRIS
                                         Assistant U.S. Attorney
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    15

1

## EXHIBIT "A"

2

### Factual Basis for Plea

3      Until the execution of the search warrant at the defendant's
home on December 1, 2006, the defendant had sole custody of his nine
4  year old daughter and lived with her in Shasta county.  The daughter
was later interviewed and indicated that she had been molested by
5  her father, that he showed her child pornography, and that he took
pictures of her.
6

During the execution of the search warrant, the defendant's
7  computer was set up to automatically download visual depictions of
minors engaged in sexually explicit conduct, as defined in 18 U.S.C.
8  § 2256(2), from the internet using Limewire.  Agents at the search
were able to identify some of the pictures being downloaded as
9  visual depictions of previously identified minors engaged in
sexually explicit conduct.
10

In addition to using Limewire, the defendant used other means
11  to collect visual depictions of minors engaged in sexually explicit
conduct from the internet.  For instance, on January 26, 2006 the
12  defendant paid $45 for a 30 day subscription to a website known as
xlola which provided access to such images.  In all, the defendant
13  collected in excess of 7,000 visual depictions of minors engaged in
sexually explicit conduct.  In addition, the defendant had no less
14  than 355 such videos.

15      A total of 109 of the images contained identified minors.
These pictures include 0004.jpg, 0005.jpg, Tnmarion009.jpg and
16  1429.JPG, all of which are images of pre-pubescent females engaged
in oral sex.  Another image, 2352.jpg, included a pre-pubescent
17  female being vaginally penetrated by a foreign object.  Yet another
image, DFC07-028, depicted a prepubescent female who has a gag in
18  her mouth and strapped around her head with a whip, across her
buttocks area and a dildo beside her.
19

All of the images of minors in this case were knowingly
20  possessed by the defendant on two computer hard drives and numerous
CDs, which he knew contained visual depictions of minors engaged in
21  sexually explicit conduct and that the production of such visual
depictions involved use of minors in sexually explicit conduct.
22  These visual depictions had traveled in interstate commerce via the
internet.
23

A review of items found at the defendant's home has led to the
24  identification of a movie that he produced between in or about
January 2005 and in or about December 2006 of his daughter engaged
25  in sexually explicit conduct, specifically lascivious exhibition of
the genitals.  In the movie, the defendant knowingly permitted the
26  child to be taped engaging in sexually explicit conduct for the
purpose of producing a visual depiction of such conduct.  In fact,
27  he took the video himself and directed the victim, clothed in very
tight biker shorts, to move and turn while he focused the camera on
28  her genitalia.  The camera used to produce the movie was

1

1  manufactured in Korea and therefore had been mailed, shipped or
   transported across state lines and in foreign commerce.

2

3       Items located at the house that either contained visual
   depictions of minors engaged in sexually explicit conduct and/or
   constituted property that was used or intended to be used to commit
4  or to promote the commission of both production and possession of
   visual depictions of minors engaged in sexually explicit conduct,
5  included the following:

6       1. a Dell CPU serial #4H8R491;
        2. a Western Digital HD serial # WCANM2148164;
7       3. a Home built CPU serial #11522;
        4. a Western Digital HD serial # WM3361930802;
8       5. a CDs seized from home;
        6. a 8mm videotapes; and
9       7. a Samsung Camcorder 5CL906.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                   2