McGREGOR W. SCOTT
United States Attorney
LAURA L. FERRIS
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2932

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. No.07-00216 WBS |
| Plaintiff, ) | JOINT SENTENCING MEMORANDUM |
| v. ) | |
| TRAVIS HEFFLEY, ) | DATE: October 9, 2007 |
| ) | TIME: 8:30 a.m. |
| Defendant. ) | COURT: Hon. William B. Shubb |

    Plaintiff, the United States of America, and the defendant, Travis Heffley, by and through his undersigned counsel, Michael Chastaine, hereby files this joint sentencing memorandum in support of the 360 month sentence the parties have agreed to recommend in this case.  The Presentence Investigation Report recommends a sentence of 480 months for the defendant, however a 360 month sentence is appropriate for several reasons and should be imposed.

    This case began with a federal search warrant being executed on the defendant's home for evidence of child pornography, specifically possession, receipt and transportation of such material.  When the search warrant was executed it became apparent that the defendant's daughter had been a victim of molest.  The state brought child

1

molest charges and then the defendant was indicted federally on production, transportation, receipt and possession of child pornography.

From the time charges were first brought at the state level and even before federal charges were brought, the defendant sought to resolve the case by pleading guilty. At every point in the process the defendant has consistently expressed this willingness to plead guilty, the only issue was whether there was a sentence short of the statutory maximum or an effective life sentence to which he could plead and receive credit for his timely resolution of the case.

The parties negotiated a specific sentence agreement pursuant to Rule 11(c)(1)(c) in which the defendant would plead guilty to the most serious offense in terms of statutory maximum penalty, production, and plead guilty to possession of child pornography. In exchange for these pleas of guilty, the government agreed to join in a recommendation of 360 months, the bottom of the applicable guidelines which provide a sentence of 360 months to life if the defendant is given three points for acceptance of responsibility. Recognizing the significance of securing a 30 year sentence at this early stage, the state agreed that if the defendant accepted the 30 year federal sentence, it would agree to recommend a 10 year concurrent sentence for the molest. A global arrangement was reached.

A sentence of 360 months is entirely appropriate in this case for several reasons. First, and most important, the early resolution obviated the need for federal and state officials to further interview the main victim in this case, the defendant's nine year old daughter. She has been able to move on with counseling and

adjust to her new placement without further involvement of criminal investigators and prosecutors. In light of how traumatic it would be for her to not only discuss the molest, but to testify against her father, the chance to avoid it has significant value.

Second, the 480 month sentence recommended by probation represents the most the defendant would have received if he went to trial and was convicted. Such a sentence would not give the defendant any consideration for entering his early guilty plea, foregoing any arguments concerning the evidence, waiving all of his appeal and collateral attack rights, and other concessions he made in the plea agreement.

Finally, to the extent that this sentence represents a global settlement of both state and federal charges, it is important to note that the sentencing guideline calculation does in fact include three enhancements specifically related to the defendant's conduct with his daughter: (1) a two point enhancement for involving a sexual act; (2) a six point enhancement for distributing child pornography to a minor; and (3) a five point enhancement for engaging in a pattern of sexual abuse of his daughter.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**CONCLUSION**

For all of these reasons, the parties respectfully request that the Court accept the specific sentence plea agreement and impose a sentence of 360 months incarceration.

Respectfully submitted,

Date: October 3, 2007               McGREGOR W. SCOTT
                                    United States Attorney


                                By: /s/ Laura L. Ferris
                                    LAURA L. FERRIS
                                    Assistant U.S. Attorney


Date: October 3, 2007           By: /s/ Michael Chastaine
                                    MICHAEL CHASTAINE
                                    Defense Counsel for
                                    Travis Heffley