UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| TRAVIS HEFFLEY, | No. 2:07-cr-0216-WBS-DB |
|---|---|
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

Petitioner is a federal inmate sentenced to a 360-month prison term in October 2007 following his guilty plea to violations of 18 U.S.C. § 2251(b) and 18 U.S.C. § 2252(a)(4)(B). On August 18, 2020, Petitioner filed a motion titled "Motion for Leave to File Supplemental Answer." (ECF No. 23.) This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B).

As best as the Court can determine, Petitioner complains that he is receiving psychiatric treatment and medication without his consent while housed at Federal Correctional Institution in Otisville, New York ("FCI-Otisville"). Petitioner seeks an order directing FCI-Otisville staff to stop providing this treatment without Petitioner's "written and signed authorization."

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004). "[H]abeas is the exclusive vehicle for claims brought by state prisoners that fall

within the core of habeas corpus, and such claims may not be brought in a § 1983 [civil rights] action." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc). Nettles further sets forth "the correlative rule that a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." Id. That is, claims challenging "the fact or duration of the conviction or sentence" are within the core of habeas, while claims challenging "any other aspect of prison life" are properly brought as civil rights actions. Id. at 934. If success on a habeas petitioner's claim would not necessarily lead to his immediate or earlier release from confinement, the claim does not fall within "the core of habeas corpus" and thus, is not cognizable under 28 U.S.C. § 2241. Id. at 935 (citing Skinner v. Switzer, 562 U.S. 521 (2012)).

To the extent Petitioner's motion can be construed as a petition for writ of habeas corpus, success on Petitioner's motion here would not affect the fact or duration of his sentence or conviction. Therefore, the Court lacks habeas jurisdiction over the petition, and the undersigned may not reach the substance of Petitioner's claim.

In some circumstances, a district court may convert an improperly filed habeas petition into a civil rights complaint. See Nettles, 830 F.3d at 935-36; see also Wilwording v. Swenson, 404 U.S. 249, 251 (1971). "If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may re-characterize the petition so long as it warns the pro se litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005)).

The undersigned declines to recommend that the district court construe the petition for writ of habeas corpus as a civil rights complaint. First, the pleading does not name the proper defendant. Rather, Petitioner names the FCI-Otisville. Second, if the petition were converted to a civil rights complaint, Petitioner would be required to pay the $350.00 filing fee for a civil action. Even if he were granted leave to proceed in forma pauperis, the filing fee would be deducted in installments from his inmate trust account. 28 U.S.C. §§ 1914, 1915(b). Therefore, the instant petition should be dismissed without prejudice to allow Petitioner to decide whether to raise the instant claims in a properly submitted civil rights complaint.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's motion (ECF No. 23) be denied; and

2. Petitioner's application for a writ of habeas corpus be dismissed, without prejudice, for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 23, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/heff0216.fr