UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

TRAVIS HEFFLEY,

        Defendant.

No. 2:07-cr-216-WBS

ORDER

----oo0oo----

     Defendant has filed a "Motion for Separate Judgment"(Docket No. 31).  In the motion, defendant objects to a "drug education" class he is allegedly forced to take, and also contends that his pay in prison has been incorrectly "restricted."

     As the magistrate judge explained in addressing another motion brought by this defendant, "claims challenging the fact or duration of the conviction or sentence are within the core" of habeas corpus petitions, "while claims challenging any other aspect of prison life are properly brought as civil rights

1

actions" under 42 U.S.C. § 1983 or <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). (Docket No. 28 (quoting <u>Nettles v. Grounds</u>, 830 F.3d 922, 927 (9th Cir. 2016) (internal punctuation omitted).)  <u>See also</u> <u>Hunter v. Martinez</u>, No. 220CV05121JAKSHK, 2020 WL 3258398, at *3 (C.D. Cal. June 12, 2020).

Here, once again, defendant is not challenging the fact or duration of his conviction or sentence, but rather other aspects of prison life.  Accordingly, defendant's claims must be brought, if at all, in a civil rights complaint, unless certain exceptions apply, none of which appear applicable here.  <u>See</u> <u>Nettles</u>, 830 F.3d at 935-36.  Accordingly, defendant's motion is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:   December 16, 2020

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE